DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

KIRSTIN M. AULT (CABN 206052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7234
    Kirstin.ault@usdoj.gov

Attorneys for United States

FILED
MAY 22 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR ASSISTANCE FROM THE BASIC COURT IN SUBOTICA, SERBIA IN THE MATTER OF BELIĆ V. HUBAI, REF. NO. I. 632/18, DJ REF. NO. 189-266-19-1 | CASE NO. CV-19 80137 MISC VKD<br><br>MEMORANDUM IN SUPPORT OF UNOPPOSED APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 |

## INTRODUCTION

In the above captioned Serbian action, the Basic Court in Subotica, Serbia, seeks information from Google, Inc. ("Google"). Lacking jurisdiction to directly obtain information from Google on United States' soil, the Serbian court has requested that the United States Attorney's office provide it with information from Google important to resolving the Serbian action. This application requests that this Court appoint Assistant United States Attorney Kirstin Ault as Commissioner to take testimony from Google, so that AUSA Ault can subpoena certain information from Google to transmit to the Serbian court. Google and the United States Attorney's Office have met and conferred about the substance of the request from the Serbian court and about the procedure to provide the Serbian court with the information it seeks. Google does not object to the appointment.

# FACTUAL BACKGROUND

## I. INFORMATION SOUGHT BY SERBIAN COURT.

The Serbian Court seeks information regarding the amount of income Hubai Zoltan acquired on Google Play online shops by selling a program through a specified link. *See* Declaration of Kirstin Ault ("Ault Decl."), ¶ 1 & Ex. A (letter to Google enclosing request from Serbian court). This information is sought by the Serbian Court for use in the above-captioned lawsuit in the Basic Court in Subotica, Serbia. *Id.*

## II. MEET AND CONFER WITH GOOGLE.

The United States Attorney's Office has met and conferred telephonically and via electronic mail with legal counsel for Google regarding the Serbian Court's request. Ault Decl. ¶¶ 3-6. Google has determined that it can provide records and a certification of authenticity containing the requested information. Ault Decl. ¶ 4. Google will provide that information to the United States Attorney's Office, who, in turn, will transmit it to the Serbian Court.

# DISCUSSION

The United States District Courts are empowered by 28 U.S.C. § 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. In this case, a Serbian Court requests that the U.S. Attorney's Office obtain information from Google in Mountain View, California, which is located within the jurisdiction of this Court.

As set forth in the accompanying proposed order, the United States and Google have negotiated a mutually acceptable procedure to handle the Serbian court's request in this particular case.

The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given,

> or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has the power to administer any necessary oath and take the testimony or statement.

28 U.S.C. § 1782(a). The legislative history shows that Congress intended for the United States to set an example for other countries in rendering international judicial assistance. The Senate report states:

> ... Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.
>
> It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures.

S. Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3783.

The proper criteria for determining whether the court should exercise its discretion in favor of assisting a foreign tribunal are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720 (9th Cir. 1977):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

*Seoul District Criminal Court*, 555 F.2d at 723 (citation omitted).

The letter of request in this case shows that the information sought is for use in judicial proceedings in Serbia, hence the request comes well within those circumstances contemplated by Congress in expanding the federal courts' authority to act in such matters. *See In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, the United States asks this Court to honor the request for assistance.

The reception of letters rogatory and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Tokyo Dist.*, 539 F.2d at 1220. However, the United States has provide Google with a copy of this application and supporting papers, and Google does not object to the relief requested therein. As described in the proposed order, Google

will provide notice of the subpoena to the relevant users and afford them the opportunity to file an objection or motion to quash in this action.

## CONCLUSION

WHEREFORE, the United States respectfully requests this Court to issue the accompanying proposed order.

DATED: May 21, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

By: _____/s/_____
KIRSTIN M. AULT
Assistant United States Attorney