UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR ASSISTANCE FROM THE BASIC COURT IN SUBOTICA, SERBIA IN THE MATTER OF BELIĆ V. HUBAI, REF. NO. I. 632/18, DJ REF. NO. 189-266-19-1 | Case No.19-mc-80137-VKD<br><br>**ORDER GRANTING UNOPPOSED APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

The United States, on behalf of the Basic Court in Subotica, Serbia ("the Serbia Court"), has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena on Google, Inc. ("Google"). Dkt. Nos. 1-4.

The Court grants the application, with a modification to the proposed subpoena, as described below.

## I. BACKGROUND

According to the application, the Serbia Court requests the United States' assistance in obtaining documents from Google showing the amount of income an individual named Hubai Zoltan[1] acquired on Google Play online shops by selling a program through a specified link. Dkt. No. 3 at 2. The information is sought in connection with a civil case, *Andrej Belić v. Zoltan Hubai*, Ref. No. I. 632/18; DJ Ref. No. 189-266-19-1. Dkt. No. 2-1 at ECF 4. The United States says that Mr. Ferraro is a resident of Sunnyvale, California. Dkt. No. 2 at 1. The United States asks the Court to appoint Assistant United States Attorney Kirstin Ault as Commissioner to collect

---

[1] It appears from title of the case before the Serbia Court that the individual's name is instead "Zoltan Hubai."

1 the evidence the Serbia Court seeks. Dkt. No. 1, 3.

The United States represents that Google does not oppose this application. Dkt. No. 3. It makes no representation regarding whether the person whose name is associated with the records to be subpoenaed objects.

## I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

2

F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## II. DISCUSSION

### A. Statutory Requirements

The United States's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this district. Second, the United States requests this discovery for use in a civil action pending before a court in the Republic of Serbia. Third, the United States makes the application on behalf of the Serbia Court, the foreign tribunal before which the civil action is pending.

### B. *Intel* Factors

Even if the Court has the authority to grant the application, the Court is not required to do

3

so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

The United States' application does not address this factor directly. However, it appears from the application that Google is not a party to the civil action before the Serbia Court, and the documents sought by subpoena are located in the United States. Dkt. No. 3 at 2. The Court infers that the Serbia Court would not seek the assistance of the United States in obtaining these document if the documents were within the reach of the Serbia Court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. This factor weighs in favor of authorizing service of the subpoena.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.

Here, the United States represents that the Serbia Court has requested its assistance in obtaining this discovery. *See* Dkt. No. 3 at 2. This factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether the request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or

4

the United States." *Intel*, 542 U.S. at 265.

The United States' application does not address this factor directly. However, the Court assumes that the Serbia Court would not request this discovery if it were contrary to the proof-gathering restrictions or other policies of Serbia to do so. This factor weighs in favor of authorizing service of the subpoena.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

The United States' application also fails to address this factor. The application characterizes the subpoena as involving the taking of *testimony* from Google, but that appears to be an error, as the proposed subpoena to Google includes only a single request for production of documents:

> Documents, reports, or similar materials demonstrating the total income that Hubai Zoltan [sic] acquired on Goolge [sic] Play online shops selling the program through the following link: https://play.google.com/store/apps/details?id=info.qdd&hl=de and a certification of authenticity for such records

Dkt. No. 4-1. The subpoena does not appear to seek the content of any communications. *See*, *e.g.*, *Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C 12-80242 EJD (PSG), 2013 WL 256771, at *2–3 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 *et seq.*). The United States does not say whether the documents it seeks are confidential to Mr. Hubai.

As noted above, the United States represents that Google does not object to the production of documents responsive to the proposed subpoena. The Court has no reason to suspect that the subpoena seeks discovery that would be "unduly intrusive or burdensome" for Mr. Hubai either. However, the United States proposes to require Google to "provide a copy of the subpoena to the relevant users or other affected parties and advise them that Google will respond to the subpoena unless they file, within 21 calendar days from the date they receive the subpoena, an objection or a motion to quash in this action, served on both Google and AUSA Ault." Dkt. No. 4 at 2. Such

5

notice is appropriate, as Mr. Hubai at least appears to have an interest in the information that is subject to the subpoena.

This factor weighs in favor of authorizing service of the subpoena, with appropriate notice to other interested parties.

## III. CONCLUSION

The United States's application on behalf of the Serbia Court meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the subpoena.

Accordingly, the Court authorizes service of the proposed subpoena on Google.[2] This order does not foreclose a motion to quash or to further modify the subpoena by Google following service, or by Mr. Hubai or any other interested party. The Court orders the United States and Google to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. The Court appoints AUSA Kirstin Ault to serve the proposed subpoena on Google and to receive documents produced in response to the subpoena.
2. At the time of service of the subpoena, the United States must also serve a copy of this order on Google. The return date on the subpoena must be at least 35 calendar days from the date of service.
3. Within 7 calendar days of receipt of the subpoena and this order, Google shall provide copies of the subpoena and this order to Mr. Hubai and to any other relevant user, affected party, or other interested person.
4. Within 21 calendar days from the date of receipt of copies of the subpoena and this order, Mr. Hubai or any other interested person may file a motion in this Court contesting the subpoena (including a motion to quash or to modify the subpoena). Such motion shall be served on Google and the United States (to the attention of AUSA Kirstin Ault).

---

[2] The United States may which to correct the typographical errors noted above before serving the subpoena.

6

5. If any party contests the subpoena, Google shall preserve, but not disclose, the documents sought by the subpoena pending resolution of that contest.

**IT IS SO ORDERED.**

Dated: May 28, 2019


VIRGINIA K. DEMARCHI
United States Magistrate Judge